

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00113-CV

_____

IN THE INTEREST OF B.F., A CHILD

On Appeal from the 307th District Court
Gregg County, Texas
Trial Court No. 2020-1657-DR

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Carter

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

The Department of Family and Protective Services (the Department) brought a petition for protection of a child, for conservatorship, and for termination of Mother's parental rights[1] to her one-year-old son, B.F.[2]  Following a bench trial, the trial court found that termination of the parent-child relationship was in B.F.'s best interest, and it terminated Mother's parental rights pursuant to Section 161.001(b)(1), grounds (D) and (E), of the Texas Family Code.  *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E) (Supp.).  Mother appeals, maintaining that, because there was a failure to comply with the statutes governing an agreed transfer of venue,[3] the trial court had no jurisdiction to enter its order of termination.[4]

I.      **Background**

On August 12, 2020, after learning that B.F. had tested positive for multiple illegal drugs, the Department filed its original petition in Upshur County.  The record shows that, on August 21, 2020, the court entered an "agreement and order," requiring Mother to submit to drug

---

[1]Unknown Father's parental rights were also terminated, but his rights are not at issue in this appeal.

[2]To protect the child's privacy, we refer to appellant as Mother and to the child by initials.  *See* TEX. R. APP. P. 9.8(b)(2).

[3]*See* Chapter 155 of the Texas Family Code.  In her motion to transfer, Mother did not represent that the Department had agreed with her request to transfer the case to Gregg County.  However, there is nothing in the record to indicate that the Department objected to a venue transfer and, in fact, the trial court's order was entitled "Agreed Order Transferring Suit."  This discrepancy does not affect our analysis.

[4]Mother does not contend that the trial court abused its discretion when it terminated her parental rights on grounds (D) and (E).

tests and other matters. On September 4, 2020, Mother notified the court that she wanted B.F.'s case transferred to Gregg County.[5]

On September 5, 2020, Mother filed a motion to transfer venue, and on September 8, 2020, the Upshur County district court entered an order transferring the suit to Gregg County. The Gregg County district court held a bench trial on the merits of the Department's petition on November 16, 2021. Immediately prior to the commencement of trial, Mother's counsel announced to the trial court that he had received a text message from Mother on November 11, 2021, "stating that [Mother] would not be attending the [trial], and [her counsel] could let the Court know she was giving up her rights." The trial court admitted a copy of the text message into evidence without objection. After hearing additional testimony and reviewing the exhibits, the trial court granted the Department's petition and terminated Mother's parental rights.

## II. Jurisdiction of Gregg County

Mother appeals alleging that the 307th Judicial District Court of Gregg County had no jurisdiction over the case and that, therefore, its order of termination is void. To support this argument, Mother alleges that the order transferring the case from Upshur County to Gregg County did not comply with Section 155.301(c) of the Texas Family Code. That section states that, "if the parties submit to the court an agreed order for transfer, the court shall sign the order without the need for other pleadings." TEX. FAM. CODE ANN. § 155.301(c). Mother alleges that the order was not agreed because the parties did not sign the order. Based on this failure, Mother argues, the transfer was ineffective. We disagree.

---

[5]According to the record, the Department had filed a separate case against Mother involving another one of her children. That case was pending in Gregg County.

3

Section 155.301 of the Texas Family Code does not apply to the facts of this case. Instead, it applies only to a transfer order from a court "with continuing, exclusive jurisdiction over a child." A court only acquires continuing, exclusive jurisdiction if it has issued a final order. TEX. FAM. CODE ANN. § 155.001(a) (Supp.). The Upshur County court never entered a final order and was not a court of continuing jurisdiction over this case.

The transfer appears to have been based on Section 155.202(b) of the Texas Family Code, which states that, "for the convenience of the parties and witnesses and in the interest of justice, the court, on the timely motion of a party, may transfer the proceeding to a proper court in another county in the state." TEX. FAM. CODE ANN. § 155.202(b). In fact, Mother's motion to transfer specifically cited this statute as the basis for transfer. This statute has no requirement that all parties agree to the motion to transfer.

When no court has continuing, exclusive jurisdiction, "a court of this state has jurisdiction to make an initial child custody determination" if "this state is the home state of the child on the date of the commencement of the proceeding." TEX. FAM. CODE ANN. § 152.201(a)(1). Here, it is uncontested that Texas is B.F.'s home state.[6] Consequently, the Upshur County district court had jurisdiction to transfer venue to Gregg County, and the Gregg County district court had jurisdiction to enter the termination order.

---

[6]Both Upshur and Gregg Counties were courts of proper jurisdiction over the child custody dispute.

## III.    Waiver of Venue

Section 103.001 of the Texas Family Code sets forth the applicable rules regarding venue for suits affecting parent-child relationships. TEX. FAM. CODE ANN. § 103.001 (Supp.).[7] With a few exceptions, venue of an original suit is proper in the county where the child resides. *Id.* Mother was free to waive her right to proceed in Upshur County. *In re S.D.*, 980 S.W.2d 758 (Tex. App.—San Antonio, writ denied). In *In re S.D.*, the San Antonio Court of Appeals stated as follows:

> The law in Texas has long been that any party to a lawsuit may expressly or impliedly waive rights conferred upon him by a venue statute. The matter of venue is a personal privilege which may be waived. An express waiver is shown by clear overt acts evidencing an intent to waive, while an implied waiver occurs when a party, often inadvertently, takes some action inconsistent with his position on the venue issue and therefore is held to have waived his rights thereon.

*Id.* at 759 (citations omitted). Having filed the motion asking the court in Upshur County to transfer the case to Gregg County, Mother showed a "clear overt act evidencing her intent to waive" on appeal her complaint regarding venue.

We affirm the judgment of the trial court.

Jack Carter
Justice

Date Submitted:    February 9, 2022
Date Decided:      March 2, 2022

---

[7]Section 103.001 states that, in a suit affecting the parent-child relationship, venue for the original suit is proper where the child resides unless (1) there is a court of continuing exclusive jurisdiction, (2) venue is fixed in a divorce proceeding, or (3) an adoption is involved. TEX. FAM. CODE ANN § 103.001(a), (b).